HERBERT et al. v. SHANLEY CO.

(Circuit Court of Appeals, Second Circuit. January 11, 1916.)

No. 83.

1. COPYRIGHTS &66 — INFRINGEMENT — MUSICAL COMPOSITIONS — "PERFORM PUBLICLY FOR PROFIT."

Under Copyright Act March 4, 1909, c. 320, 35 Stat. 1075, authorizing the copyright of musical compositions and dramatico-musical compositions, and giving one taking out a copyright on a dramatico-musical composition the sole right to print and sell copies, and the sole right to publicly perform it, but to the author of a musical composition only the right to print and sell copies and to perform the copyrighted work "publicly for profit," the copyright of a song, if valid, was not infringed by rendering it in a public restaurant, where no admission fee was charged, though the performer was privately paid for rendering it by the proprietor of the restaurant.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. § 63; Dec. Dig. &66.]

2. COPYRIGHTS &40—LOSS OF RIGHTS—SEPARATE PUBLICATION OF PARTS OF WORK.

The copyright covering a comic opera or dramatico-musical composition was lost as to a vocal number contained in the opera, which was published and sold separately without any announcement on the copies sold that the opera from which it was taken was copyrighted, assuming that the insertion of such notice would have retained the advantages of the copyright as to the republished song.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. § 35; Dec. Dig. &40.]

Appeal from the District Court of the United States for the Southern District of New York.

Suit by Victor Herbert and others against the Shanley Company. From a decree (222 Fed. 344) dismissing the bill of complaint, the cause comes up on appeal by complainants. Affirmed.

Nathan Burkan, of New York City, for appellants.

Gilbert, Lauterstein & Gilbert, of New York City (Francis Gilbert, of New York City, of counsel), for respondent.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

&For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ROGERS, Circuit Judge. This was a suit brought to protect a copyright. It is alleged that on April 2, 1913, G. Schirmer, Incorporated, having been duly authorized by the authors to do so, copyrighted a dramatico-musical composition entitled "Sweethearts," and that the right to copyright the composition was granted, subject to the condition that the performing right should belong to the other complainants, who were the authors of the composition. Thereafter a separate copyright was taken out by G. Schirmer, Incorporated, of the vocal number "Sweethearts." This second copyright is upon words and music, which are a component part of the previously copyrighted dramatico-musical composition similarly entitled. It is alleged to be the leading vocal number of the composition, and the success and popularity of that opera is said to be largely due to this particular vocal number.

Those of the complainants in whom is vested the performing right in this dramatico-musical composition entered into an agreement with certain theatrical managers and producers to perform it upon the public stage, and preparations were made for its extensive production; sceneries, costumes, accessories, and other paraphernalia being provided. Artists were secured to render it, and booking contracts were entered into for its public performance in a theater in New York City, and it has been so performed for a considerable period. It is claimed that the composition has been a great financial and artistic success and has attained great popularity with the public.

The defendant company maintains a restaurant and place of public entertainment in New York City, and is said in the complaint to have caused the separately copyrighted song to be sung by professional singers upon a stage in the dining hall on its premises, accompanied by an orchestra, and it is charged that it proposes to continue the unlawful and wrongful performance. And the complaint avers that the vocalists and orchestra are engaged by the defendant to perform and play upon the premises for compensation; that these performances are open to the public, and are not given for a charitable, religious, or educational purpose, but for the purpose of defendant's business and as part of the service rendered to the patrons of its establishment who purchase and partake of refreshments; that this use of the song is without the permission of the complainants and against their will, and amounts to an infringement of the copyright; that the rendering of the song is a part of a theatrical entertainment given by the defendant upon its premises for the entertainment and amusement of its patrons, and for the purpose of attracting them; that the performers are under the pay of the defendant, and that the entertainment thus offered to the public costs the defendant $1,000 each week.

The answer admits that the defendant, through its servants and employés, caused to be sung in its restaurant the vocal selection known as "Sweethearts." It states that the song is published in sheet music form, and published and sold separately, and not as a part of any dramatico-musical composition. It admits that the persons singing the song receive compensation therefor from the defendant. It avers that no charge for admission is made to the patrons of its restaurant,

or for the privilege of listening to any performance of music therein; that no additional charge is made for meals furnished in the restaurant at the time when such music is performed over the charge made when no music is performed; that the musical composition mentioned in the complaint is not performed by the defendant, or caused to be performed by it, publicly for profit; that the musical composition entitled "Sweethearts" is published in sheet music form and copyrighted separately and apart from any dramatico-musical composition, and as so published was offered for sale and sold to defendant and the public generally; that by virtue of its purchase of the song so published and sold defendant was authorized to cause the same to be performed in its restaurant in the manner stated.

The answer was accompanied by an affidavit made by the secretary of the defendant company. It appears from that that in the restaurant is erected a platform on which an orchestra is seated at certain hours of the day during which a musical program is given for the benefit of the patrons; this platform is not a stage and has none of the appurtenances that are necessary parts of a stage; no foot lights, side lights, border light, scenery, wings, curtain, or flies; no theatrical performance is given on the premises; none of the singers who appear ever appear in any costume other than the ordinary conventional evening dress costume; none of the songs that are sung are ever sung in character. The musical entertainment is only given during limited hours; from about noon to 2 p. m., and from 6 o'clock until about 1:30 a. m. the orchestra plays, and at intervals during that time singers appear, who sing various selections of a diversified character.

The sheet music of the copyrighted song is in the record. It is entitled "Sweethearts—Waltz-Song from the Comic Opera 'Sweethearts.'" There is, however, nothing on its face which shows that the comic opera from which it was taken was itself copyrighted. We have to consider, therefore, what the law is which is applicable to this state of facts. The concrete question is whether the singing of the separately copyrighted song "Sweethearts" in a restaurant to which the public is admitted without charge infringes the complainant's copyright for the dramatico-musical composition "Sweethearts" owned by the complainants, there being nothing on the copyrighted song to show that the dramatico-musical composition from which the song was taken was itself copyrighted.

In 1831 (Act Feb. 3, 1831, c. 16, 4 Stat. 436), Congress repealed the acts of 1790 (Act May 31, 1790, c. 15, 1 Stat. 124) and 1802 (Act April 29, 1802, c. 36, 2 Stat. 171), and embodied in one statute the law relating to copyright. The act of 1831 for the first time expressly provided for the copyrighting of musical compositions. The Copyright Act of 1909, being the law now in force and under which the complainants took out their copyright, expressly authorizes the copyright of dramatic or dramatico-musical compositions, and of musical compositions. The act gives the author of any dramatic or dramatico-musical composition who takes out a copyright thereon two distinct and separable rights. It gives him:

(1) The sole right to print and sell copies of the words and music, and

(2) The sole right to publicly perform it.

And it gives the author of a musical composition in like manner two separable rights:

(1) The right to print and sell copies of the words and music:

(2) The right to perform the copyrighted work publicly for profit.

[1] The distinction therefore exists that in the case of the dramatico-musical composition the act secures to the author the sole right to publicly perform it without reference to whether it is performed for profit. But in the case of the musical composition, so far as performance is concerned, the act restricts the author's exclusive right to public performance for profit.

This court has held in John Church Company v. Hilliard Hotel Company, 221 Fed. 229, 136 C. C. A. 639 (1915), that the copyright to a certain musical composition is not infringed where the music is publicly rendered in the dining room of a hotel, which is open to the guests without charge for admission. We construed the language of the act giving to the copyright proprietor the exclusive right "to perform the copyrighted work publicly for profit, if it be a musical composition," to be limited to performances where an admission fee or some direct pecuniary charge is made. We there said:

"It does not make a performance any less gratuitous to an audience because some one pays the musician for rendering it, or because it was a means of attracting custom, or was a part of the operation of the hotel."

It follows therefore that the copyright of the song publicly rendered in defendant's restaurant under the circumstances heretofore stated did not infringe the copyright secured upon that composition, assuming that a valid copyright was obtained. The conclusion that there was no infringement makes it unnecessary to inquire whether a subsequent copyright can be obtained upon a portion of a previously copyrighted work. We express no opinion on that question.

[2] This brings us to inquire whether the complainants can claim protection for this song under their prior copyright of the dramatico-musical composition from which it has been taken. The copyright of a dramatico-musical composition secures to the proprietor, as already stated, the exclusive right of performance, and it makes no difference whether the performance is or is not for profit. Did the complainants, by publishing and copyrighting the song separately and apart from the previously copyrighted dramatico-musical composition of which it was a part, lose as to the part so published the benefit of its copyright as a dramatico-musical composition? There can be no doubt that they have lost that right as to the republished part, for the reason that in republishing they failed to state that the comic opera from which the song was taken was itself copyrighted. We have failed to find any such announcement printed on the music sheets of the song. In its absence the complainants cannot claim the benefit of the prior copyright. Whether, if they had inserted a notice of the previous copyright, they could have retained the advantages of it as to the republished song, we need not now consider.

The conclusions to which we have come are:

(1) That complainants cannot claim the benefit of the copyright of the dramatico-musical composition for that portion of the composition which they republished separately and without notice of the copyright previously obtained.

(2) That the copyright of the song "Sweethearts" as a separate musical composition, even if valid, is not infringed by its being rendered in a public restaurant where no admission fee is charged, although the performer is privately paid for rendering it by the proprietor of the resort.

Decee affirmed.