PETER H. PETERSEN, APPELLANT, V. HENRY J. BEAL, COUNTY ATTORNEY, ET AL., APPELLEES: INDEPENDENT CAB OWNERS ASSOCIATION, APPELLANT.

FILED JUNE 5, 1931. No. 27674.

*O'Sullivan & Southard,* for appellants.

*C. A. Sorensen, Attorney General, Hugh La Master, R. E. Powell, Henry J. Beal, Bryce Crawford, Jr.,* and *J. W. Yeager, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

EBERLY, J.

House Roll 306 (Laws 1929, ch. 147), entitled "An act relating to taxicabs and public cars and providing for the filing of insurance policies, surety bonds or securities with the state railway commission for the protection of the public; and to provide penalties for the violation thereof," was enacted by the legislature of 1929 and duly approved by the executive on April 6 of that year.

Section 1 thereof defines the terms "taxicab" and "public car." Sections 2 and 3, as a prerequisite to the operation of a taxicab and of a public car as thus defined, require the deposit with the Nebraska state railway commission of "either a liability insurance policy or a surety bond with an approved surety company as surety or negotiable and salable securities" at the option of the applicant, "but which shall be approved by the commission, in such sum and with such other terms and provisions and on such conditions as the commission may deem necessary adequately to protect the interest of the public having due

regard for the number of persons and amount of property affected." Section 4 provides penalties for violations of its terms and also of the orders of the Nebraska state railway commission made pursuant thereto. This act now appears as sections 60-201 to 60-204, Comp. St. 1929.

This action to enjoin the enforcement of House Roll 306 and resolution 110 adopted by the state railway commission supplemental thereto was thereafter commenced in the district court for Douglas county based on the alleged unconstitutionality and invalidity of such statute and order. That court on the trial found in favor of all persons engaged in operating, renting or hiring of motor vehicles commonly known as "drive-it-yourself" cars, and made permanent the temporary injunction theretofore granted restraining the enforcement of the statute as to such cars only, but otherwise dismissed the proceedings and dissolved the temporary injunction which had been theretofore granted restraining the enforcement of the statute against taxicabs and such other "public cars" as are defined by the statute which were engaged in the business of common carriers for hire.

From this final order the plaintiff and the intervener appeal. No appeal is prosecuted by the defendants below.

The appellants here contend that the statute in suit and resolution 110 pertaining to automobiles used as common carriers are invalid as being in contravention of section 3, art. 1 of the Constitution of the state of Nebraska, and of section 1 of the Fourteenth Amendment to the Constitution of the United States; that the district court erred in determining that the portion of House Roll 306 commonly known as "drive-it-yourself" cars was not an inducement to the passage of the act; and that resolution 110 was not within the lawful powers of the Nebraska state railway commission to issue. It will be noted that the effect of the decree of the district court was to sustain the validity of the act so far as it related to the business of "common carriers" as that term is defined both at com-

mon law and by our statute, section 75-401, Comp. St. 1929.

It may be said generally that statutory provisions requiring those engaged in or causing the operation of motor vehicles, or certain classes of them, to furnish securities for the benefit of any person who may be injured through negligent or faulty operation have been enacted in many states; and the decisions are uniform in upholding the power to prescribe such regulations. *Commonwealth v. Slocum*, 230 Mass. 180; *People v. Kastings*, 307 Ill. 92; *In re Cardinal*, 170 Cal. 519; *Jitney Bus Ass'n v. City of Wilkes-Barre*, 256 Pa. St. 462; *West v. Asbury Park*, 89 N. J. Law, 402; *State v. Seattle Taxicab & Transfer Co.*, 90 Wash. 416; *City of Memphis v. State*, 133 Tenn. 83; *City of New Orleans v. Le Blanc*, 139 La. 113; *Willis v. City of Fort Smith*, 121 Ark. 606; *Hazleton v. City of Atlanta*, 144 Ga. 775; *Ex parte Dickey*, 76 W. Va. 576; *Packard v. Banton*, 264 U. S. 140. Unquestionably the state has the right to require persons engaged in the business of carrying passengers for hire in motor vehicles upon public streets and public highways to file securities or insurance for the payment of judgments for death or injury to person or property caused in the operation, or by defective construction, of such motor vehicles. *Packard v. Banton*, 264 U. S. 140; *Interstate Busses Corporation v. Holyoke Street R. Co.*, 273 U. S. 45; *Sprout v. City of South Bend*, 277 U. S. 163; *Lutz v. City of New Orleans*, 235 Fed. 978, 237 Fed. 1018.

The enforcement of House Roll 306 and resolution 110 of the state railway commission, as contemplated by the decree appealed from, clearly assumes compliance with their provisions as a prerequisite to engaging in the business of "common carriers of passengers," and such being the case, under the authorities referred to, it does in no manner contravene the provisions of section 3, art. I of the Nebraska Constitution or section 1 of the Fourteenth Amendment to the Constitution of the United States.

As to the asserted fact that the requirements thus pre-

scribed are so burdensome as to amount to a confiscation and therefore result in depriving appellant of his property without due process of law, the answer may be made by the following excerpt from the opinion of Sutherland, J., delivered in *Packard v. Banton*, 264 U. S. 140: "The fact that, because of circumstances peculiar to him, appellant may be unable to comply with the requirement as to security without assuming a burden greater than that generally borne, or excessive in itself, does not militate against the constitutionality of the statute. Moreover, a distinction must be observed between the regulation of an activity which may be engaged in as a matter of right, and one carried on by government sufferance or permission. In the latter case the power to exclude altogether generally includes the lesser power to condition, and may justify a degree of regulation not admissible in the former. See *Davis v. Massachusetts*, 167 U. S. 43."

Nor do we find that in the adoption of resolution 110 the Nebraska state railway commission exceeded the powers possessed by it. The constitutional provision controlling, adopted in 1906 as a separate and independent amendment to the Constitution, created a state railway commission, and further provides: "The powers and duties of such commission shall include the regulation of rates, service and general control of common carriers as the legislature may provide by law. But, in the absence of specific legislation, the commission shall exercise the powers and perform the duties enumerated in this provision." Const. art. 4, sec. 20.

This court is committed to the view that, "In adopting the constitutional provision creating the state railway commission, it was made an independent part of the Constitution, and not as an amendment to the executive, legislative or judicial articles thereof." *In re Lincoln Traction Co.*, 103 Neb. 229. The general view of the constitutional provision in question is well stated by Sedgwick, J., in the same case in the following language: "Unless there

has been specific legislation that might limit or affect this power given to the commission, it would seem that the people have given this commission all the control over common carriers that they themselves could exercise. While this power must be exercised in harmony with the provisions of the federal Constitution, and the general provisions of our own Constitution that affect all branches of the government, it is plainly not limited by the special provisions of the Constitution which distinguish between the legislative and judicial departments of the government. The functions of this commission are largely administrative, but, as is stated in *Prentis v. Atlantic Coast Line Co., supra* (211 U. S. 210), the commission necessarily has independent legislative, judicial, and executive or administrative powers."

Therefore, in the light of the constitutional provision quoted and referred to, as well as the express terms of House Roll 306, we are of the opinion that resolution 110 was within the power of the commission to lawfully adopt and enforce.

Nor do we entertain the view that the portions of the act in suit applicable and relating to noncommon carrier vehicles or "drive-it-yourself" cars was an inducement to its passage and because thereof the entire act must fall.

"The general rule upon the subject is that, where there is a conflict between an act of the legislature and the Constitution of the state, the statute must yield to the extent of the repugnancy, but no further. (Citing cases.) If, after striking out the unconstitutional part of a statute, the residue is intelligible, complete, and capable of execution, it will be upheld and enforced, except, of course, in cases where it is apparent that the rejected part was an inducement to the adoption of the remainder. In other words, the legislative will is, within constitutional limits, the law of the land, and when expressed in accordance with established procedure, must be ascertained by courts and made effective." *Scott v. Flowers*, 61 Neb. 620, 623.

Eliminating all portions of the act solely relating to "drive-it-yourself" cars, the remainder still is intelligible, complete and capable of execution. It therefore must be upheld and enforced. As we see no reason which would justify our accepting the view that the portion solely applicable to "drive-it-yourself" cars was an inducement to the adoption of the residue, the remainder fully and completely covers the subject of "common carriers" as applied to the use of motor vehicles. It therefore must be held to be a valid enactment and in full force. *State v. Stuht*, 52 Neb. 209; *Logan County v. Carnahan*, 66 Neb. 693.

It therefore follows that the decree entered by the district court for Douglas county is in all respects correct, and it is

AFFIRMED.

DAY, J., dissents.