## REMICK MUSIC CORPORATION v. INTERSTATE HOTEL CO. OF NEBRASKA and nine other cases.

### Civ. Nos. 321, 322, 325–329, 331, 332, 334.

District Court, D. Nebraska,
Omaha Division.

June 23, 1942.

James J. Fitzgerald, Jr., Seymour L. Smith, and Ellick, Fitzgerald & Smith, all of Omaha, Neb., for plaintiffs in all cases.

William J. Hotz and William F. Dalton, both of Omaha, Neb., for defendants Interstate Hotel Co. of Neb., Hill Hotel Co., Neb. Nat. Hotel Co., Park, Rosen and Fox.

Henry Monsky and Monsky, Grodinsky, Marer & Cohen, all of Omaha, Neb., for defendant Regis Hotel Co.

I. J. Dunn and Ziegler, Dunn & Becker, all of Omaha, Neb., for defendant National Entertainment Enterprises, Inc.

DELEHANT, District Judge.

Ultimately these ten cases will probably be determined upon identical issues. Except in No. 326 (vide infra), the questions presently presented in them are identical.

In each case the plaintiff (recognizing that there are two plaintiffs in No. 334) alleges the writing and creation of a new and original musical composition, including both its words and its music; the procurement of a valid and presently effective copyright therefor under the Federal Copyright Act, 17 U.S.C.A. § 1 et seq., the deposit in the office of the Register of Copyrights of two complete copies of the best edition of the composition, accompanied by claim of copyright, payment of registration fee, the due registration of the composition, and, thereupon, the issuance of a certificate of copyright registration; the publication of the composition by the copyright owner with inscription on the first page of each copy thereof of the legend "Copyright" accompanied by the name of the copyright proprietor and the year of securing the copyright, the sole ownership and proprietorship by the plaintiff of the composition and copyright and the right of public performance and licensing of public performance of the

composition for profit; the knowing and unauthorized performance of the composition by the defendant for profit; the threatened irreparable injury to the plaintiff; and the inadequacy of legal remedy; and prays (a) for injunctive relief; (b) for actual damages, or in lieu thereof, the sum of $250; (c) costs and attorneys fees; and (d) general equitable relief.

In each case (except No. 326) the defendant has filed a consolidated motion asking first for a more definite statement, and secondly, for dismissal of the complaint; (a) because of its failure to state a claim upon which relief can be granted; and (b) because of the court's lack of jurisdiction over the subject matter.

Primary consideration has been given to the motion for more definite statement. It may be subdivided into two distinct requests. Its first branch, in three separate paragraphs, asks that the plaintiff be required to state whether under the provisions of Sec. 59-1202, C.S.Neb.Supp.1941, being Sec. 2, Ch. 138, Laws of 1937, the plaintiff, A. marked the charges fixed for public performance for profit upon the music alleged to have been used; B. collected all charges for public performance at the time the music *was sold for use in Nebraska* (emphasis added by the writer of this memorandum); and, C. filed a copy of the musical composition in the office of the Secretary of State of Nebraska. Its second branch asks that the plaintiff be required to allege whether it is, or, at the time set out in the complaint, was a member of, (1) the American Society of Composers, Authors and Publishers, or (2) "any other combination as defined and prohibited in Sec. 59-1201, C.S.Neb.Supp.1941."

Counsel for the defendants have suggested both in oral argument and by written brief that the appropriate action at this point would be the sustaining of their motions for more definite statement, and, upon the compliance therewith of the plaintiffs, the ruling upon the motions to dismiss, unless the defendants should then consider further pleading imperative. Within certain limitations, there is considerable practical foundation for the suggestion; and the court will pursue it as far as, in the judgment of the court, seems defensible. In this connection the court considers that, if it be possible, the declaration of a final position upon the constitutional and statutory questions involved in the actions ought to be deferred until the determination of the issues presented upon the motions to dismiss. Decided either way, when all conceivable factual elements of the cases are before the court, the motions to dismiss or other motions then appropriate may result in the determination of the cases.

The comment made in the preceding paragraph is prompted by the frank recognition that the ruling upon any part of the motions for more definite statement may be construed as, and probably strictly involves, a determination of the constitutionality, and effect upon these actions, of Ch. 138, Laws of 1937. Particularly is that true of the ruling upon sections A, B, and C of the motions. But the court now makes the clear statement that the ruling here announced is purely preliminary and is made without any final determination or even the intimation of any preliminary opinion whatsoever upon the major questions in the case.

■ The court realizes that a motion for more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, is to be sustained only where the material sought is reasonably necessary to enable the pleading party to prepare his responsive pleading, but also that, within reasonable limitations, the allowance of the motion rests in the court's sound discretion.

■ Under that principle it is highly probable that in each of these cases, the defendant can readily prepare its answer without the allowance of sections A, B, and C of the motion for more definite statement. The information sought is readily obtainable by it. At the same time, the averment of the demanded information by the plaintiff in a supplemental pleading will be the simplest method of presenting the actual facts to the court. That method of their presentation has this added virtue. If it should be finally determined in each of these cases that Sec. 2 (A) (B) and (D) of Ch. 138, Laws of 1937, is valid and enforcible and is applicable here, then the factual matter inquired about would be material to the issues and essential to a plaintiff's cause of action rather than a purely defensive element. So sections A, B, and C of the motion for more definite statement is being sustained.

■■ However, in complying with the court's order thereunder the plaintiff in each case will be taken and held to preserve for its protection the following posi-

tions, (a) that Sec. 2 of Ch. 138, Laws of 1937, is wholly void and ineffective as against the rights and claim of the plaintiff; (b) with special reference to section B of the motion, that, in point of fact, the music was never "sold for use in Nebraska"; and (c) any other position to which it may be entitled. Only facts will be required, and furnishing them will not constitute an admission of any legal consequence arising from them.

■ But, even proceeding thus liberally, the court can not sustain section D of the motion for more definite statement. It has relation to those parts of Ch. 138, Laws of 1937, other than Sec. 2, thereof, and particularly to Sec. 1 of the act, wherein certain combinations of authors, composers, proprietors, publishers, owners, and their heirs, successors or assigns are denounced as unlawful. In each of the cases before the court, except No. 326, the defendant asks that the plaintiff be required to state whether it is a member of (1) the American Society of Composers Authors and Publishers; and (2) any other combination condemned by the act. The court will overrule and deny that demand, and will not require the statements sought.

Under any possible construction of Ch. 138, Laws of 1937, under any view of the constitutionality of its Sec. 2, or of the severability of its essential parts, the information sought in Section D of the motion is not part of the plaintiff's cause of action. If it is effective for any purpose (and the court does not now determine whether it is or not), it may be utilized only by way of defense. And if the defendant in any case now here desires to present an issue under Sec. 1 of the Act of 1937, it will have to do so as a defense. The position here taken is thoroughly consistent with that assumed by the public authorities in Buck v. Swanson, D.C., 33 F.Supp. 377, Buck v. Watson, 313 U.S. 387, 61 S.Ct. 962, 85 L.Ed. 1416, 136 A.L.R. 1426, and Marsh v. Buck, 313 U.S. 406, 61 S.Ct. 969, 85 L.Ed. 1426, 136 A.L.R. 1434.

■ The assertion by the defendants of the facts upon this point is not difficult. The compulsion of their admission, or in default thereof, their proof, has been facilitated by rules of practice prevailing in this court, which impose a substantial sanction upon the faithful employment of the process of demand for admission. But even if proof be as burdensome and difficult as

the defendants now assert, that factor can not operate at this juncture in the cases to impel the court, before the filing of answers to require the plaintiffs to allege defenses on which their opponents may rely.

Ruling on the motion to dismiss will be reserved in each case until compliance by the plaintiff with sections A, B, and C of the motion for more definite statement and the further presentation thereupon of the motion to dismiss.

In case No. 326, only a motion to dismiss is made. No motion for more definite statement is submitted. But, presuming that the plaintiff in that case, by way of assimilating the issues in all of the actions, may desire to file in it a statement comparable to the plaintiffs' supplemental statements now required in the other cases, a brief order deferring ruling upon the motion to dismiss is being filed in case No. 326.

This memorandum is being filed only in case No. 321 along with the court's order therein on the motion. In each of the other cases an order is being entered and filed, in which appropriate reference is made to this memorandum.