INTERSTATE HOTEL CO. OF NEBRAS-
KA v. REMICK MUSIC CORPORA-
TION.

PARK v. M. WITMARK & SONS.

FOX v. CHAPPELL & CO., Inc.

INTERSTATE HOTEL CO. OF NEBRASKA
v. KERN et al.

Nos. 13162–13165.

Circuit Court of Appeals, Eighth Circuit.
Oct. 23, 1946.
Writ of Certiorari Denied Jan. 20, 1947.

William J. Hotz, of Omaha, Neb. (Hotz & Hotz, of Omaha, Neb., on the brief), for appellants.

James J. Fitzgerald, Jr., and Yale C. Holland, both of Omaha, Neb. (Seymour L. Smith, Fitzgerald & Smith, and Kennedy, Holland, DeLacy & Svoboda, all of Omaha, Neb., on the brief), for appellees.

Before GARDNER, WOODROUGH, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

These appeals are from judgments of the United States District Court for the District of Nebraska granting injunctions and awarding damages in actions under the Copyright Act, 17 U.S.C.A. § 1 et seq., for infringement of the copyrights of musical compositions. The facts, concerning which there is no dispute in any of the cases, are identical in all cases so far as material to the decision of the questions presented in the appeals. The assignments of error are the same in all cases.

■ In each case the evidence established the title of the appellee to the musical composition involved and to its copyright, and the appellant's public performance of the composition for profit without license or consent of the appellee, the copyright owner. Admitting the facts just stated, appellants, nevertheless, contend that by publication and sale to the public of the copyrighted musical compositions in the form of sheet music the appellees as copyright owners conferred upon the purchasers the right to publicly perform for profit the composition sold.

Section 1 of the Copyright Act, 17 U.S.C.A. § 1, reads as follows:

"Exclusive rights as to copyrighted works. Any person entitled thereto, upon complying with the provisions of this title, shall have the exclusive right:

"(a) To print, reprint, publish, copy, and vend the copyrighted work;

* * * * * * *

"(e) To perform the copyrighted work publicly for profit if it be a musical composition and for the purpose of public performance for profit; and for the purposes set forth in subsection (a) hereof, to make any arrangement or setting of it or of the melody of it in any system of notation or any form of record in which the thought of an author may be recorded and from which it may be read or reproduced * * *."

The argument of appellants is that by the language quoted the Congress conferred on the copyright proprietor of a musical composition the choice between two rights, and that under the facts in the present cases, since the copyright owners have availed themselves of the right granted in section 1(a) of the Act to publish and sell copies of their musical compositions, they have thereby waived the right granted them by section 1(e) of the Act to publicly perform the compositions for profit. But, obviously, appellants' construction of the Copyright Act requires reading into it something that is not there. The right to publish and sell copies of the copyrighted musical work and the right publicly to perform the work for profit are separate and distinct rights separately granted by the Copyright Act. The separate rights thus exclusively granted to the copyright owners are distinct in character and differ widely in value. There is nothing in the Act which makes the exercise of one right dependent upon the abandonment of the other. The copyright owner may exercise either right or both as its interest may dictate. Buck v. Jewell-LaSalle Realty Co., 283 U.S. 191, 51 S.Ct. 410, 75 L.Ed. 971, 76 A.L.R. 1266; Jewell-LaSalle Realty Co. v. Buck, 283 U.S. 202, 204, 51 S.Ct. 407, 75 L.Ed. 978; Buck v. Swanson, D.C., 33 F. Supp. 377, 387, and cases cited; Fox Film Corporation v. Doyal, 286 U.S. 123, 127, 52 S.Ct. 546, 76 L.Ed. 1010.

Appellants are mistaken in the belief that support is to be found for their interpretation of the Copyright Act in John Church Co. v. Hilliard Hotel Co., 2 Cir., 221 F. 229, and Herbert v. Shanley Co., 2 Cir., 229 F. 340. In each case the question decided was whether the right of the copyright owner to publicly perform a musical composition for profit was infringed by its performance in a public restaurant to which no admission was charged and where the performers were paid for their services by the proprietor of the restaurant. In each

case the court concluded that the performance of the musical composition in the circumstances stated was not a public performance for profit within the meaning of the Copyright Act. In each case the decision of the court was reversed by the Supreme Court on the question decided. Herbert v. Shanley Company, John Church Company v. Hilliard Hotel Company, 242 U.S. 591, 37 S.Ct. 232, 61 L.Ed. 511. There is nothing in the opinion of the Second Circuit in the Church Company case to show that the question here under consideration was considered in that case. The language of the opinion (221 F. at page 230) that "When the copyright proprietor of a musical composition sells printed copies of it to the public, the performing right goes with them" is followed by the statement that section 1(e) of the Copyright Act gives the copyright owner the additional exclusive right to perform the copyrighted work publicly for profit and by the assertion that the case before the court turns upon the meaning of the words "for profit." It is clear that the court recognized that in the case of musical compositions the copyright owner receives distinct and separate rights under sections 1(a) and 1(e) of the Act, and that the performing right referred to in the language quoted from the opinion as going with the sale of a printed copy of the composition is the right of private or non-profit performance as distinguished from the right of public performance for profit. Otherwise, there would have been no reason for the court to be concerned with the meaning of the words "for profit" as the sole question in the case.

In the Herbert case it appears from the opinion (229 F. at page 342) that the defendant contended that by virtue of its purchase of a song published and sold by the plaintiff the defendant was authorized to perform it in a restaurant in the manner stated. The court said, however, that the Copyright Act gave the copyright owner of a musical composition "two distinct and separable rights," the first being the sole right to print and sell copies of the words and the music, and the second being the sole right to publicly perform the composition for profit. The court followed its decision in the Church Company case, holding that the performance of a musical composition is not infringed where the music is performed in the dining room of a hotel which is open to guests without charge for admission, thus deciding a question which it could not have reached if it had adopted in the case before it or in the Church Company case the interpretation of the Copyright Act for which appellants contend. In neither of the cases under discussion could the court have been concerned with the meaning of the words "for profit" as used in section 1(e) of the Act if it had held, as appellants claim, that the right granted by section 1(e) of the Act had been lost by the exercise of the right granted by section 1(a) of the Act. Implicit in each of these opinions is the denial of appellants' interpretation of the Act.

In reaching the conclusion stated, we have not overlooked the further argument of appellants, which tacitly admits that the decided cases are against them on the question under discussion, to the effect that all of the decisions dealing with the rights granted by the Copyright Act in respect to musical compositions stem from a case (M. Witmark & Sons v. Pastime Amusement Co., D.C., 298 F. 470), in which, in the view of appellants, a false text of the Copyright Act was presented to and accepted by the court, with the result that the court reached an erroneous conclusion concerning the rights granted by the Act. We have examined the cases upon which appellants rely for the development of this argument. We think it sufficient to say that we find nothing in them tending to support appellants' contention.

■ The other ground for reversal seriously advanced by the appellants is that the appellees may not prevail in the present actions to protect their copyrights, because of their failure to comply with the provisions of sections 1 and 2 of an act of the Legislature of Nebraska which became effective in May 1937. The statute in question is Chapter 138 of the Laws of 1937 of Nebraska, the first and second sections of which are sections 59-1201 and 59-1202, C.S.Nebraska 1941 Supplement.

Appellees admit that they have never complied with any of the provisions of the Nebraska Act.

Section 1 of the Nebraska Act outlaws activities within the State of price-fixing combinations composed of copyright owners. The second section of the Act reaffirms the ban on price-fixing combinations by requiring copyright owners to act independently of each other in transactions in the State of Nebraska in the exclusive rights granted them by the Copyright Act; and it requires copyright owners acting independently of each other in transactions in Nebraska concerning the copyrights owned by them to observe certain requirements of the Act which, for reasons presently to be stated, we find it unnecessary to discuss. The terms upon which the Act permits copyright owners to engage in transactions in Nebraska in respect to their copyright privileges are stated in detail in the opinion of the District Court in the present case, 58 F.Supp. 523, 537–544, and also in Buck v. Swanson, D.C., 33 F.Supp. 377, 387, 388. It is sufficient to say here that, in the view of appellants, the part of section 2 of the Act upon which appellants mainly rely takes from the copyright owner who fails to meet the requirements of the Act the exclusive right to publicly perform his copyrighted musical composition for profit in the State of Nebraska, and grants the right free of charge to any and all citizens of the State.

Appellants contend that appellees can not maintain the present action because each of them is a member of the American Society of Composers, Authors, and Publishers, an organization which, it may be admitted for present purposes only, is a price-fixing combination prohibited from engaging in business in Nebraska by section 1 of the Nebraska Act. The answer to this contention is that the Society is not a party to the present suits, has no interest in the copyrights infringed, and has not engaged in the transaction of any business in the State of Nebraska at any time material to the issues here. Prior to the passage of the Nebraska Act the Society was engaged in licensing in Nebraska and in other States public performance rights of musical compositions, of which the appellees were then as now the copyright owners under assignments of the rights of public performance for profit from the copyright owners to the Society. Following the passage of the Nebraska Act the Society brought an action in a Nebraska Federal court to restrain the officials of the State of Nebraska charged with its enforcement from enforcing the Act as against the Society or its members, on the ground that the Act violated the equal protection and due process clauses of the Constitution and was in direct conflict with the Copyright Act. This action, Buck v. Swanson, supra, was heard by a three-judge court which, while recognizing the right of Nebraska, asserted in section 1 of the Act, to control the activities within the State of price-fixing combinations of copyright owners, concluded that section 2 of the Act was beyond the power of the State for the reasons alleged in the complaint; and that, since in the opinion of the court the provisions of the Act were not separable, the whole must fall.

Buck v. Swanson reached the Supreme Court of the United States under the style of Marsh v. Buck, 313 U.S. 406, 61 S.Ct. 969, 85 L.Ed. 1426, decided May 26, 1941. On the same day the Court decided Watson v. Buck, 313 U.S. 387, 61 S.Ct. 962, 85 L. Ed. 1416, a companion case from a District Court in Florida, involving the constitutionality of a statute regulating the activities of copyright owners in Florida, F.S.A. §§ 543.01, 543.04 et seq., and presenting the same questions as to the constitutionality of the Florida Act as were presented in Marsh v. Buck concerning the Nebraska Act. The opinions of the Supreme Court in the two cases must be read together to determine its holding concerning the Nebraska Act. When that is done, it is clear that the Court did not sustain the constitutionality of the Nebraska Act as appellants here contend. Holding the provisions of the Act separable, it reversed the decision of the Nebraska District Court in Swanson v. Buck, on the ground that the plaintiffs in that case had failed to establish a present definite threat of prosecution and a showing of great or irreparable loss to them by the enforcement of the Nebraska Act justifying a resort to the in-

junctive process of the Federal court. It said that the constitutionality of a State statute containing many separate and distinct provisions should be determined as cases arise from specific applications of the statute. The Court found "nothing in the copyright laws which purports to grant to copyright owners the privilege of combining in violation of otherwise valid state or federal laws." Watson v. Buck, 313 U. S. at page 404, 61 S.Ct. at page 968, 85 L.Ed. 1416. The decision of the District Court in Swanson v. Buck was reversed, but nothing in either opinion of the Supreme Court goes further than to sustain the power of the State to regulate the activities within the State of price-fixing combinations of copyright owners. The decisions left open the questions of the constitutionality of the Act as interpreted and applied by the State in specific cases.

Following these decisions the Society ceased operations in Nebraska, and reassigned to appellees and other members of the Society the rights held by the Society at the time of the passage of the Nebraska Act to license for public performance for profit in Nebraska copyrighted musical compositions of appellees and other members of the Society. The copyright infringements which gave rise to the present suits occurred in 1942 at a time when appellees as copyright owners were vested with the exclusive right to publicly perform for profit the musical compositions involved. Clearly, the provisions of section 1 of the Nebraska Act have no application in the present cases in which the Society has no interest, which are prosecuted by the owners of the copyrights involved, and which do not arise out of any transactions between appellants and the American Society of Composers, Authors, and Publishers. That the Society continues its activities in other States where its operations are not illegal is no concern of Nebraska's.

Nor is the question of the validity of section 2 of the Nebraska Act of any importance in these cases. For none of the appellees are engaged in business in Nebraska, nor have any of them at any relevant time engaged in transactions within the State with reference to the rights held by them under the Copyright Act. Neither the rights asserted by appellants nor those asserted by appellees in these cases arise out of transactions with respect to copyrights between appellants and appellees in Nebraska or elsewhere. Appellants do not claim the right to publicly perform for profit appellees' musical compositions by virtue of any agreement or transaction of any character between them and appellees. The sole basis of appellants' claims in these cases is the failure of the appellees to come into Nebraska and submit to regulation by Nebraska in respect to transactions in the State in the rights held by them under the Copyright Act. The appellees did, indeed, exercise the rights granted them by section 1(a) of the Copyright Act to print and sell copies of their musical compositions in sheet music form. But they neither printed nor made sales of sheet music in Nebraska. Music dealers in Nebraska purchased the sheet music from appellees or their agents in New York through the channels of interstate commerce and thereafter for their own accounts sold the sheet music so acquired to purchasers in Nebraska. But, as we have seen, none of the Nebraska music dealers by the purchases mentioned acquired the appellees' exclusive rights to publicly perform the music for profit. The musicians who performed the copyrighted compositions for profit for appellants and who purchased the sheet music from music dealers in Nebraska could not and did not acquire by such purchase the right of public performance for profit. The refusal of the appellees to engage in business in Nebraska on the terms offered them by Nebraska did not confer upon appellants the right to pirate appellees' musical compositions.

■ For the reasons stated we conclude that the validity of the Nebraska statute as an exercise of the State police power is not at issue in these cases. There is, however, another reason, apparently not called to the attention of the District Court but presented in the briefs and on the argument in this court, which precludes consideration of the question. After the entry of the judgments in the District Court, but while the cases were pending in that court on motions for rehearing, the Nebraska statute relied on by appellants was

repealed in its entirety. Revised Statutes Nebraska 1945, Cumulative Pocket Parts Supplement, sections 59-1401 to 59-1406. "A change in the law between a nisi prius and an appellate decision requires the appellate court to apply the changed law." Ziffrin, Inc., v. United States, 318 U.S. 73, 78, 63 S.Ct. 465, 469, 87 L.Ed. 621; Carpenter v. Wabash Railway Co. et al., 309 U.S. 23, 26, 27, 60 S.Ct. 416, 84 L.Ed. 454; Texas Co. v. Brown et al., 258 U.S. 466, 474, 42 S.Ct. 375, 66 L.Ed. 721; Vandenbark v. Owens-Illinois Glass Co., 311 U.S. 538, 541, 542, 61 S.Ct. 347, 85 L.Ed. 327; Hines v. Davidowitz, 312 U.S. 52, 60, 61 S.Ct. 399, 85 L.Ed. 581; Standard Oil Co. of Kansas et al. v. Angle et al., 5 Cir., 128 F.2d 728, 730.

Of the remaining assignments of error, little need be said. One is that the appellees should be denied relief in a Federal court of equity on the ground that they come into court with unclean hands. The basis for this assignment seems to be that appellees were guilty of some nefarious conduct by refusing to engage in business in Nebraska on the conditions permitted by Nebraska law, by instituting these suits for the protection of their copyrights at the same time and trying them together, and by participating in and accepting the benefits of the activities of the American Society of Composers, Authors, and Publishers in States in which the activities of the Society are legal. The appellants are in poor position to question the motives and character of appellees when they themselves are guilty of wrongfully appropriating appellees' property. Leo Feist, Inc., v. Young, 7 Cir., 138 F.2d 972. Such considerations aside, this assignment hardly merits comment. The other assignment is that the court committed error in entering a judgment in favor of each appellee for $250 for each infringement committed by appellants. The judgments were for the minimum amount permitted by the Copyright Act in cases of infringement where actual damages were not established. Buck v. Jewell-LaSalle Realty Co., supra; Johns & Johns Printing Co. v. Paull-Pioneer Music Corporation, 8 Cir., 102 F.2d 282.

The judgments in all cases are affirmed.