# HERBERT ET AL. *v.* THE SHANLEY COMPANY.

# JOHN CHURCH COMPANY *v.* HILLIARD HOTEL COMPANY ET AL.

## CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

Nos. 427, 433.   Argued January 10, 1917.—Decided January 22, 1917.

The performance of a copyrighted musical composition in a restaurant or hotel without charge for admission to hear it but as an incident of other entertainment for which the public pays, infringes the exclusive right of the owner of the copyright to perform the work publicly for profit, under the Act of March 4, 1909, c. 320, § 1 (e), 35 Stat. 1075.

221 Fed. Rep. 229; 229 Fed. Rep. 340, reversed.

THE cases are stated in the opinion.

*Mr. Nathan Burkan,* with whom *Mr. Wm. J. Hughes* was on the brief, for petitioners in No. 427:

In support of the proposition that the performance was "for profit," see the opinion of Lacombe, J., sitting in the District Court in *John Church Co.* v. *Hilliard Hotel Co.,* 221 Fed. Rep. 229; *Sarpy* v. *Holland,* 99 Law Times, 317; *Weistblatt* v. *Bingham,* 58 Misc. (N. Y.) 328; *Wall* v. *Taylor, Wall* v. *Martin,* 52 L. J. Q. B. (n. s. Pt. 2), 558, 559; and *Pierce* v. *Milwaukee & St. Paul R. R. Co.,* 23 Wisconsin, 387.

Section 28 of the Copyright Law specifies in what instances musical works may be freely performed.   House Report No. 2222, 60th Cong., 2d sess., p. 16; *White Smith Co.* v. *Apollo Co.,* 209 U. S. 16.

By the separate publication of the vocal number containing one copyright notice which correctly states the year when both the entire opera and the separate number

were copyrighted and the name of the proprietor of both copyrights, all rights secured by the copyright in the entire opera, including the dramatic performing right, are preserved with respect to the vocal number. *West Publishing Co.* v. *Edward Thompson Co.*, 176 Fed. Rep. 833, 837.

The performance was an infringement of the exclusive dramatic performing right secured by § 1 (d). The opera is a "drama." Drone on Copyright, p. 589; *The Iolanthe Case*, 15 Fed. Rep. 439, 442; Copyright Act, §§ 5 (d), 25 (b), subdiv. Fourth. The dramatic right extends to every material part of the opera. Section 3. Any unlicensed performance in any manner of a dramatic work infringes. *Mayor* v. *Eden Musee Co.*, 102 N. Y. 593, 595; *Russell* v. *Smith*, 12 Q. B. 217, 236.

Selling copies of the separate number gave no implied license to perform it publicly. Act, § 41; § 1 (a), (b), (d), (e); *Chappell* v. *Boosey*, 21 Ch. Div. (1882), 232–236.

*Mr. Louis J. Vorhaus*, with whom *Mr. Moses H. Grossman* and *Mr. William Grossman* were on the brief, for petitioner in No. 433.

*Mr. Levi Cooke*, with whom *Mr. A. S. Gilbert* and *Mr. Francis Gilbert* were on the brief, for respondent in No. 427:

The vocal number is not a dramatico-musical composition. *Fuller* v. *Blackpool Winter Garden*, 2 Q. B. (1895), 429, 442.

The dramatic performing right was not infringed. Copyright Act, § 5 (d), (e); Copyright Office Regulations, 8-d, 9, 10-e; Bowker on Copyright, pp. 162, 163.

The performance was not "for profit." It is not the purpose for which a free performance is given, but the fact whether or not it is free, which determines whether the performance is "for profit" within the purview of the act. The music was not a necessary incident to the service of food, and the guest who paid for a meal could not insist

on music while he ate. The time and place of performance, and whether any performance at all was given, rested in the discretion of the hotel. Music was furnished only at certain times and meals at all hours, with no difference in the charge therefor when music was furnished. While the purpose was to amuse and attract guests, whether it was actually accomplished is a matter of pure conjecture; the song "Sweethearts" may have driven more patrons from the dining-room than it lured into it.

The words "for profit" are expressly defined in § 1 of the act, with reference to coin-operated machines. The legislative intent is the same in each case. The *Sarpy Case,* 99 Law Times, 317, is distinguishable, and *Weistblatt* v. *Bingham,* 58 Misc. (N. Y.) 328, is overcome by *People* v. *Martin,* 137 N. Y. Supp. 377; *People* v. *Wacke,* 77 Misc. (N. Y.) 196; and *People* v. *Royal,* 23 App. Div. 258.

The enumeration in § 28 is not exclusive. To so hold would render the provisions of § 1 (e) meaningless.

Congress did not intend the far-reaching consequences of a decision sustaining appellant's contention.

*Mr. Charles J. Campbell,* with whom *Mr. Frank A. K. Boland* and *Mr. Levi Cooke* were on the brief, for respondents in No. 433.

MR. JUSTICE HOLMES delivered the opinion of the court.

These two cases present the same question: whether the performance of a copyrighted musical composition in a restaurant or hotel without charge for admission to hear it infringes the exclusive right of the owner of the copyright to perform the work publicly for profit. Act of March 4, 1909, c. 320, § 1 (e), 35 Stat. 1075. The last numbered case was decided before the other and may be stated first. The plaintiff owns the copyright of a lyric comedy in which is a march called "From Maine to Oregon." It took out a

separate copyright for the march and published it separately. The defendant hotel company caused this march to be performed in the dining room of the Vanderbilt Hotel for the entertainment of guests during meal times, in the way now common, by an orchestra employed and paid by the company. It was held by the Circuit Court of Appeals, reversing the decision of the District Court, that this was not a performance for profit within the meaning of the act. 221 Fed. Rep. 229. 136 C. C. A. 639.

The other case is similar so far as the present discussion is concerned. The plaintiffs were the composers and owners of a comic opera entitled "Sweethearts," containing a song of the same title as a leading feature in the performance. There is a copyright for the opera and also one for the song which is published and sold separately. This the Shanley Company caused to be sung by professional singers, upon a stage in its restaurant on Broadway, accompanied by an orchestra. The District Court after holding that by the separate publication the plaintiffs' rights were limited to those conferred by the separate copyright, a matter that it will not be necessary to discuss, followed the decision in 221 Fed. Rep. 229, as to public performance for profit. 222 Fed. Rep. 344. The decree was affirmed by the Circuit Court of Appeals. 229 Fed. Rep. 340. 143 C. C. A. 460.

If the rights under the copyright are infringed only by a performance where money is taken at the door they are very imperfectly protected. Performances not different in kind from those of the defendants could be given that might compete with and even destroy the success of the monopoly that the law intends the plaintiffs to have. It is enough to say that there is no need to construe the statute so narrowly. The defendants' performances are not eleemosynary. They are part of a total for which the public pays, and the fact that the price of the whole is attributed to a particular item which those present are

expected to order, is not important. It is true that the music is not the sole object, but neither is the food, which probably could be got cheaper elsewhere. The object is a repast in surroundings that to people having limited powers of conversation or disliking the rival noise give a luxurious pleasure not to be had from eating a silent meal. If music did not pay it would be given up. If it pays it pays out of the public's pocket. Whether it pays or not the purpose of employing it is profit and that is enough.

*Decrees reversed.*