**BUCK et al. v. DEBAUM et al.**
No. N–42–M.

District Court, S. D. California, S. D.
Aug. 19, 1929.

Philip Cohen, of Los Angeles, Cal., for plaintiffs.

Lewis A. Schaffer, of Los Angeles, Cal., for defendants.

McCORMICK, District Judge.

By this suit in equity, plaintiffs seek an injunction against, and damages from, defendant, because of alleged infringement of a copyrighted musical composition entitled "Indian Love Call."

The cause has been submitted upon an agreed statement of facts, and that material to decision is substantially as follows: Plaintiffs by written contract and license authorized a certain commercial radio broadcasting station in Los Angeles, Cal., to publicly perform, by broadcasting from such radio station, the aforesaid copyrighted musical composition. The defendant owned and operated a café in Los Angeles as a business and for profit wherein he installed a radio receiving set through which he received the various programs of broadcasting stations which were within the range of reception of said set. The receiving instruments were electrically actuated in the usual way by an affixed rotary dial which when rotated would "pick up" and receive radio signals and audibly impart them to patrons of the café. The programs of various broadcasting stations within the range of reception that were thus received would be heard and enjoyed by the patrons of the café. The radio signals received could be made inaudible by merely manually turning the dial on the receiving set.

On February 2, 1928, while many customers were patronizing the café and dining therein, the defendant turned the dial of the receiving set so that there was received therein and audibly emitted into the café the aforesaid copyrighted musical composition which was at that time being lawfully performed and broadcasted by the aforesaid broadcasting station in Los Angeles. The defendant "tuned in" to the said broadcasting station to "listen in" on its program generally, and did not specifically intend to "pick up" the "Indian Love Call" in particular. There had been no direct contractual relations between plaintiffs as owners or authors of the copyrighted musical composition and defendant café owner whereby he had been authorized to play, use, or perform the copyrighted musical composition.

The question for decision is whether or not the defendant, by receiving over the air "Indian Love Call" through his radio receiving set and permitting it to be made audible to the patrons of his café, has been guilty of infringement of the copyright under the laws of the United States.

Section 1 of the Copyright Act (title 17 USCA § 1) provides: "Any person entitled thereto, upon complying with the provisions of this title, shall have the exclusive right: * * * (e) To perform the copyrighted work publicly for profit if it be a musical composition and for the purpose of public performance for profit. * * *" It is upon the applicability of this section of the Copyright Act to the agreed facts of this suit that will determine whether there has been an infringement of the copyright.

There can be no question but that, under the decision of the Supreme Court in Herbert et al. v. Shanley Co., 242 U. S. 591, 37 S. Ct. 232, 61 L. Ed. 511, the defendant in this case

did what he did "publicly" and "for profit," and, if his conduct moreover amounted to a "performance" within the meaning of the cited copyright act, then he should be enjoined from further violation of complainant's property right to exclusively enjoy the fruits of this copyrighted musical composition, and should also be mulcted in damages in accordance with the Copyright Law for this infringement.

■ The use of radio in broadcasting musical compositions is so recent that there have been very few decisions that are helpful in the solution of the question in this suit. There are authoritative decisions with respect to the activities of broadcasting stations that have used copyrighted musical compositions without licenses from the owners thereof. These cases are not helpful in the present suit, because here the broadcasting station was licensed and expressly authorized by owners of the copyright to publicly perform for profit, by broadcasting or otherwise, the copyrighted musical composition, and, in my opinion, it is the grant of such privilege or license by the owners of the copyright to the broadcasting station that is the determining factor that disables the complainants herein from enjoining or preventing the defendant from "picking up" through his radio receiving set the "Indian Love Call," and imparting the same audibly to the patrons of his café.

The complainants contend that, although they have licensed the broadcasting station to publicly perform and send out in the air their copyrighted musical composition, that such license, as far as reception is concerned, extends only to those who "pick up" the copyrighted musical composition from the air for their private use, and does not include those who install radio receiving sets in public places and who use them as an adjunct and auxiliary to their business.

I cannot agree with such contention.

It seems to me to be clear that, when plaintiffs licensed the broadcasting station to disseminate the "Indian Love Call," they impliedly sanctioned and consented to any "pick up" out of the air that was possible in radio reception. I think such deduction is accurate because of the phenomena whereby radio reception and audition are made possible.

■ One who manually or by human agency merely actuates electrical instrumentalities, whereby inaudible elements that are omnipresent in the air are made audible to persons who are within hearing, does not "perform" within the meaning of the Copyright Law. The performance in such case takes place in the studio of the broadcasting station, and the operator of the receiving set in effect does nothing more than one would do who opened a window and permitted the strains of music of a passing band to come within the inclosure in which he was located. It is true that it is the voluntary act of the person turning the dial on the receiving set that enables electricity to animate the mechanism so as to make audible within hearing distance of the receiving set that which is disseminated from the broadcasting station and which is "on the air" by reason of the broadcast, but such voluntary action in my opinion is far from "performing" the copyrighted work. The performance, which is licensed as just stated, occurs entirely in the studio of the broadcasting station where the copyrighted musical composition is lawfully used, and the action occurring at the receiving set is simultaneous therewith, and is in no sense a reproduction of the musical composition that is being lawfully performed at the broadcasting studio. The action, play, and use of the copyrighted composition has been completed within the studio.

Since the submission of this case, Judge Otis in the United States District Court for the Western District of Missouri in Buck et al. v. Jewell-LaSalle Realty Co., 32 F.(2d) 366, 367, decided April 18, 1929, in discussing radio with relation to copyright, said: "The right to perform a musical composition is the right to translate that musical composition into waves of sound or waves of ether for the enjoyment of those who are enabled either by natural or artificial means to receive the auditory sensations those waves are calculated to produce. The right to perform a musical composition does not carry with it a proprietary interest in the waves that go out upon the air or upon the ether. They are as much the common property of all as the sunshine and the zephyr." The case before Judge Otis was not exactly similar to this suit.

It appears in that case that the broadcasting station was not licensed by the owner of the copyrighted musical composition to perform and disseminate it in the air, and the infringement was claimed to have been committed by the commercial broadcasting station and by the hotel that had installed a master radio receiving set by means of which it furnished musical entertainment to its guests in its public rooms and also in the private guest rooms of the hotel by means of wires leading from the master set. The court

denied injunction or relief to plaintiff in that case, but, as far as the case discusses the meaning to be given to the word "perform" in the Copyright Act, the decision is authority in this suit.

There are certain practical considerations that in principle are of such importance that an extension of the property right that is made secure by the Copyright Act to the facts of this case would be harmful, unnecessary, and would lead to endless confusion and disorder. The owner of a copyrighted musical composition can fully protect himself against any unauthorized invasion of his property right by refusing to license the broadcasting station to perform his musical composition; but, when he expressly licenses and consents to a radio broadcast of his copyrighted composition, he must be held to have acquiesced in the utilization of all forces of nature that are resultant from the licensed broadcast of his copyrighted musical composition. It is common knowledge, of which the court should take judicial notice, that programs from commercial radio broadcasting stations are interspersed with lectures, instrumental and vocal musical compositions, sermons, speeches, etc., many of which are not protected by the copyright laws of the United States, and many of which can be unconditionally and freely performed by the broadcasting station, and, if during the reception of such programs, one using the radio in his business is required to turn the dial of his receiving set so as to render inaudible any copyrighted composition, the utmost difficulty and confusion will result, and a condition ensue that to my mind is unreasonable, and one that was never within the intent of Congress in passing the Copyright Act or within the reasonable purview of the terms thereof.

Under such circumstances, I believe that the claimants are not entitled to an injunction herein or to any relief under their bill of complaint, and accordingly the bill herein is dismissed, an injunction is denied, and a decree is ordered for the defendant in accordance with the conclusion herein announced, without costs to any party herein.