Adolph PHILIPP, Complainant,

v.

JEROME H. REMICK & CO., Remick Music Corporation et al., Defendants.

United States District Court
S. D. New York.
July 31, 1936.

Oberwager & Oberwager, by Alfred M. Shafter and Henry Duke, New York City, for complainant.

Wattenberg & Wattenberg, by A. M. Wattenberg and S. W. Wattenberg, New York City, for defendant Remick Music Corp.

BONDY, District Judge.

■ Material allegations in the complaint are denied by the defendant, Remick Music Corporation, as for instance, the allegations in Paragraph 27. The answer raising important issues of fact, the plaintiff's motion for judgment on the pleadings against Remick Music Corporation must be denied.

■ The New York State law with reference to summary judgment on pleadings and affidavits does not apply to suits in equity in this court. Defendant's motion for summary judgment accordingly must also be denied.

■ Regarding the defendant's motion as one to dismiss the complaint on the ground that it fails to allege facts sufficient to constitute a cause of action (without reference to the allegations in the answer and in the affidavits), the motion must also be denied.

The complaint alleges that the plaintiff wrote and composed the lyrics and music of the dramatico-musical composition entitled "Alma Wo Wohnst Du"; that thereafter he transferred all his rights therein to Adolph Philipp Co.; that the operetta never was produced for sale or published; and that Adolph Philipp Co. mailed one copy of the composition to the Register of Copyrights and received a certificate of copyright registration.

It is alleged that thereafter Adolph Philipp Co. gave to the defendant, Jerome H. Remick & Co., by two agreements made part of the complaint, "the sole, exclusive, absolute and unlimited right, license, privilege and authority to copyright, publish, print, reprint, copy and vend the music, lyrics and titles of all the musical compositions of the operetta."

Subsequently, it is alleged, Adolph Philipp Co. transferred all its rights to the compositions and its copyright to the plaintiff.

The complaint further alleges that thereafter the defendant, Remick Music Corporation, the successor in interest of Jerome H. Remick & Co., without authority transferred to the defendant Gene Buck, as president of the American Society of Composers, Authors & Publishers the exclusive, non-dramatic performing rights in and to the separate musical compositions contained in the dramatico-musical work including the song and musical composition entitled "Alma Wo Wohnst Du". It also alleges that the defendant broadcasting companies and the defendant Rudy Vallee under license from the Society broadcasted and performed non-dramatic renditions of the song and musical composition "Alma Wo Wohnst Du" publicly and for profit.

The sole issue is whether the complaint states a cause of action. This depends on the construction of the agreements between Adolph Philipp Co. and Jerome H. Remick & Co. annexed to the complaint.

The defendant contends that the intent and legal affect of the agreements was to give to Jerome H. Remick & Co. the full right to use the songs not only by publication but by performance for profit and in every other way.

The words of the grant other than the words "to copyright" appear to be for certain enumerated purposes. In such cases the courts have construed licenses to be for the specific enumerated purposes only. Manners v. Morosco, 252 U.S. 317, 40 S.Ct. 335, 64 L.Ed. 590; F. A. Mills, Inc., v. Standard Music Roll Co., D.C., 223 F. 849, affirmed, 3 Cir., 241 F. 360, 363; Harper Bros. v. Klaw, D. C., 232 F. 609; Klein v. Beach, D.C., 232 F. 240, 246; Kirk La Shelle Co. v. Paul Armstrong Co., 263 N.Y. 79, 188 N.E. 163.

The defendant contends that the cases cited are entirely inapplicable because the agreements grant the right to copyright, and therefore must have assigned the entire copyright. It is argued that since the copyright includes all rights in a

work, the performing rights of the song in question are the property of the defendant.

A composer selling without reservation the right to copyright his songs might well be deemed to have relinquished all rights of publication and performance. Cf. Dam v. Kirk La Shelle Co., 2 Cir., 175 F. 902. But these are not the circumstances of this case. The songs were part of an operetta which before the execution of the agreements had already been copyrighted as a work not reproduced for sale. That the parties contemplated that the plaintiff's assignor would retain its rights in the operetta and continue to use the songs in the production of the operetta is apparent on the face of the agreements. It seems clear, therefore, that whatever rights were given to the publisher must be construed with reference to the prior copyright and the contemplated use of the songs in the performance of the operetta. The language of the grant, as stated, except for the word copyright, was not the language of an outright sale. The use of the term copyright does not conclusively disclose an intention to transfer the performance rights of the separate songs. The term "copyright" may refer merely to the re-registration required by Sec. 11 of the Copyright Law, 17 U.S. C.A. § 12, where a work, originally copyrighted before its reproduction for sale, is later published wholly or in part. According to Weil on Copyrights, 306, "the original copyright is neither extended, nor otherwise affected by such re-registration." Compare Herbert v. Shanley Co., 2 Cir., 229 F. 340, reversed, 242 U.S. 591, 37 S.Ct. 232, 61 L.Ed. 511. Such a construction would give effect to all the terms of the agreements. A larger meaning may have been intended, but the purposes of the parties are left in doubt. Such doubt as there is should be resolved in favor of the composer. The clearest language is necessary to divest the author of the fruits of his labor. Such language is lacking here.

As it does not appear that the term "to copyright" has an invariable meaning in the law and as the sense in which it is here used is, at the very least, the subject of reasonable dispute which may be resolved on trial, the motion to dismiss the complaint must be denied.