Alan Jay **LERNER** et al.

v.

**CLUB WANDER IN, INC.**

Civ. A. No. 58-878.

United States District Court
D. Massachusetts.

June 16, 1959.

Walter Powers, Walter Powers, Jr., Boston, Mass., for plaintiff.

Paul F. Cotty, president, Club Wander In, Inc., pro se.

ALDRICH, District Judge.

This is an action for breach of copyright, 17 U.S.C.A. §§ 1, 101, against a Massachusetts corporation which operates an establishment that it claims to be exempt because of being a private club. I find that the musical compositions in question were played; that they were duly copyrighted; that plaintiff owns the copyrights, and that defendant had no license. Its defense is that the performance was not "publicly for profit." [1]

---

18. See footnote 12, supra.

19. The conclusion that was reached in United States ex rel. Almeida v. Baldi, 3 Cir., 1952, 195 F.2d 815, 33 A.L.R.2d 1407.

1. Although one of the compositions was entitled "Get Me To The Church On Time," defendant makes no claim for exemption on the ground that this was a performance "for charitable or educa-

The defendant was organized under Mass.G.L. c. 180, as a non-profit corporation "to advance the social and civic interests of its members * * *." It leases a clubhouse in Pembroke, Massachusetts, a somewhat rural area. The principal part of the building consists of a large room containing about ninety tables and booths, a bar, a service bar, and a place for an orchestra. The building is closed except on Thursday, Friday and Saturday evenings. On these evenings music is played, there is a floor show, and drinks are served. There is no admission charge, as such, no cover charge, and no minimum. The drinks are paid for in cash, as served.

The defendant asserts it is a private club. I find that in fact it has many aspects of a private club. It has members, who pay a membership fee, which was $1 a year in 1958 when these compositions were played, and is now $2. It has no stockholders, and no provisions for the distribution of profits. It also has no net profits, and appears to be continually in debt to its liquor suppliers. Its manager and principal officer, who is a member, for reasons which he deems sufficient, works without pay, like his counterparts in many more formal organizations. The waitresses, also, are members, and are not on any payrolls.[2] The only paid employees are the entertainers, who in most cases are regular union members, not club members. There are signs on the main doors of the building which read "Members and Guests."

All of this is very good. But there is another side to the picture. It is perhaps not without significance that the aforementioned signs do not read, "Members and Guests, Only," and that the name under which defendant does business, displayed on a neon sign, is "Club Wander In." The defendant places advertisements in the local newspaper of each current floor show, with the names of the entertainers. In some instances, although in not conspicuous-sized print,

these advertisements include the phrase "Members and Guests," but in other instances, on one occasion for three consecutive weeks, they do not. This same lack of rigidity is exhibited with respect to screening patrons. The plaintiff contends that defendant has no requirements for membership, other than to sign an application and pay a fee. The defendant says it has. I agree with defendant. Applicants must meet a certain standard of respectability. However, the words "Wander In" mean exactly what they imply. At least when the premises are not crowded strangers are permitted to enter, and if they are of good appearance and behavior, they are likely not to be disturbed.

I believe defendant seeks to be a club for three reasons: the legal benefits; the additional patronage and pleasure which may result from some esprit de corps among members; and the control which being a club gives it over its clientele. With regard to this last its manager stated, "The police help us out if anything arises, so long as our doors are properly marked." In other words, defendant attempts to accept no undesirables as members, and if any casual patrons prove to be undesirable it has a ready means of removing them.

It may well be that the defendant is a bona fide club. Cf. Commonwealth v. Pomphret, 137 Mass. 564, 567. I do not believe a club has to have a misanthropic membership committee which peppers the candidates' list with blackballs. It should be enough that a mutual relationship of some contemplated permanence is entered into. But I do not reach the question of whether a performance strictly limited to club members is public. Defendant's performances were open to the general public (doubtless to help meet expenses) so long as such casual patrons met defendant's standards for appearance and behavior. The performance of copyrighted material in connection with the selling of drinks is a performance for profit. Herbert

tional purposes." Tit. 17 U.S.C.A. § 104.

2. They are apparently not averse, however, to receiving gratuities.

v. Shanley Co., 242 U.S. 591, 37 S.Ct. 232, 61 L.Ed. 511. I will not hold that it is not a public performance simply because the party in charge reserves the right to exclude such members of the public as do not meet its standards. Every theatre owner possesses that right. See Foster v. Shubert Holding Co., 316 Mass. 470, 473, 55 N.E.2d 772. The fact that defendant may exercise such a right on occasion does not mean that this was a private as distinguished from a public performance.

I find for the plaintiff in the statutory amount, and in view of the pre-trial work which had to take place in this case, in an equal amount for all costs, including attorney's fee.