**UNITED STATES of America, Appellant,**

v.

**R. W. RITCHIE, Appellee.**

**No. 20517.**

United States Court of Appeals Fifth Circuit.

Feb. 17, 1964.

Robert E. Hauberg, U. S. Atty., E. R. Holmes, Jr., Asst. U. S. Atty., Jackson, Miss., Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Benjamin M. Parker, Frederick Youngman, Attys., Dept. of Justice, Washington, D. C., for appellant.

L. L. Beacham, James W. Newman, III, Jackson, Miss., Creekmore & Beacham, Jackson, Miss., of counsel, for appellee.

Before HUTCHESON and GEWIN, Circuit Judges, and HOOPER, District Judge.

HUTCHESON, Circuit Judge:

Federal excise tax, interest and penalty were assessed against appellee for the first quarter of the calendar year 1958 in the amount of $501.86. He paid this assessment, timely filed a claim and an amended claim for refund which were rejected, and then instituted this action for refund in which the court below awarded him judgment.

The United States attacks this judgment on the grounds that the findings of fact of the court below conclusively show that the appellee was operating a cabaret, and that the amounts paid for admission or for refreshment, service, or merchandise sold therein, are subject to the cabaret tax. It also asserts: that the record conclusively shows that all the receipts from service and from merchandise to be consumed on the premises are subject to the tax; that taxpayer has failed to prove that failure to file the required return was due to reasonable cause and not due to willful neglect; and that taxpayer's claim for refund was insufficient to support a claim that only a portion of the receipts are subject to tax or to support a claim that the penalty provisions were inapplicable.

We agree that appellee was operating a cabaret and was to some extent subject to the cabaret tax.

The statutes in question are Sections 4231(6), 4232(b) and (c) and 6651(a) of the Internal Revenue Code of 1954, 26 U.S.C.A. §§ 4231(6), 4232(b) and (c) and 6651(a). The pertinent portions of these statutes as they applied in the first quarter of 1958 are as follows:

Section 4231 imposes,

"A tax equivalent to 20 percent of all amounts paid for admission, refreshment, service, or merchandise, at any roof garden, cabaret, or other similar place furnishing a public performance for profit, by or for any patron or guest who is entitled to be present during any portion of such performance."

Section 4232(b) defines roof garden, cabaret, or other similar places.

"The term 'roof garden, cabaret, or other similar place,' as used in this chapter, shall include any room in any hotel, restaurant, hall, or other public place where music and dancing privileges or any other entertainment, except instrumental or

mechanical music alone, are afforded the patrons in connection with the serving or selling of food, refreshment, or merchandise. In no case shall such term include any ballroom, dance hall, or other similar place where the serving or selling of food, refreshment, or merchandise is merely incidental, unless such place would be considered, without the application of the preceding sentence, as a 'roof garden, cabaret, or other similar place'."

Section 4232(c) defines performance for profit.

"A performance shall be regarded as being furnished for profit for purposes of section 4231(6) even though the charge made for admission, refreshment, service, or merchandise is not increased by reason of the furnishing of such performance."

Section 6651 imposes a penalty for the failure to file a required return,

"unless it is shown that such failure is due to reasonable cause and not due to willful neglect * *."

The case was tried before the court without a jury and the court found as follows:

"The plaintiff owns a one-story rectangular masonry building which is fifty-three feet wide and twenty-nine feet deep. It faces west on a country gravel road. The building contains a dance hall thirty feet by twenty-nine feet in the south half thereof, a bar room in the northwest corner of the building twenty-three feet by sixteen feet, and two small rooms in the northeast quarter of the premises, one a storage room for beer and the other sleeping quarters for the plaintiff and his wife who reside on the premises.

"The only entrances to the building are through a back door leading into the storage room and a front door which leads into the bar room. The front door is located at the south end of the west wall of the bar room.

A masonry wall divides the bar from the dance hall. The plaintiff's business is the retail sale of beer. Potato chips, pretzels, and the like constitute the food sold on the premises. A customer may be served such refreshments at the bar or he may make his purchase and be seated at a table in the bar room.

"The dance hall area on the south is equipped with a jukebox and six or eight tables and accompanying chairs. A customer is required to pay ten cents a bottle more for his beer consumed in the dance hall. Upon paying the extra price for the beer or other item mentioned, he may enter the dance hall area and enjoy the music and dance if he wishes. Anybody may do the same thing without admission charge and without purchasing any beer or potato chips or pretzels and may enjoy the music and dance without charge.

"No entertainment of any kind is furnished by the plaintiff. The customers put the necessary coins in the jukebox and bring their own companions with whom they wish to dance and enjoy the evening. There is never any set program for entertainment which is solely provided by the customer as indicated. The plaintiff pays the State a substantial privilege tax to operate a dance hall. The dance hall is a valuable adjunct to the sale of beer, but the activities enjoyed therein by customers and transients alike are entirely incidental to the sale of beer as the main function of this establishment. It overtaxes the imagination to perceive of or consider this operation as a roof garden or cabaret or other similar place within the purview of the statute.

"Significantly, the statute imposes a tax for admission, refreshment, service or merchandise 'at any roof garden, cabaret, or other similar place furnishing a public performance for profit, etc.' This business

has no aspects of a cabaret and the court finds that it is not a cabaret within the ambit of this tax statute.

"Summarizing, there is no admission charge for entering this area and there is no profit derived from the use and enjoyment thereof as such. The music is provided alone by a jukebox operated by and at the expense of the customer for his own entertainment and enjoyment, whether he ever becomes a customer of the plaintiff or not while on the premises. This dance hall in truth and in fact is not a cabaret in any sense of the word within any common sense definition as contained in the statute itself."

In his conclusions of law, the trial judge pointed out:

"This act contemplates a service establishment where a charge is made for admission and a profit is realized from the sale of refreshments and merchandise sold in an atmosphere of entertainment furnished by the management in connection with the over-all operation thereof. The act expressly excludes such a place where mechanical music alone is furnished and where such a dance hall area is merely incidental to the sole business purpose of the establishment."

The trial court relied on United States v. Broadmoor Hotel Co., 30 F.2d 440 (D. Colo.1929) as an analogous case, and points out that if any entertainment was provided by the establishment it must have been the jukebox, and the statute does not clearly indicate a Congressional intent to tax such an establishment.

We think the district judge misunderstood the statute. His judgment was based on legal conclusions that: (1) no entertainment was furnished within the meaning of the act, though he found the presence of a jukebox and dancing; (2) the Act excludes from its coverage a place where mechanical music alone is furnished; (3) the Act excludes a place where the dance hall area is solely incidental to the sole business purpose of the establishment; (4) the Act contemplates a place where profit is realized; and (5) the Act contemplates a place where a charge is made for admission. Though some of these are correct legal conclusions, none are both correct and applicable to the facts as the district judge found them.

■ Entertainment was clearly furnished within the meaning of the act. The trial court found that jukebox music was available, as was a space for dancing. The cases have long held that an establishment furnishing such facilities comes within the statutory language, "music and dancing privileges or any other entertainment. * * *."[1] This is the case even when the patrons are required to furnish the money with which to operate the jukebox.[2] In the Crapps and Baldwinson cases the issue of whether a jukebox which the patrons had to operate and which, as the record indicates in this case, was owned by someone other than the owner of the establishment, was directly raised. There the courts held that, since the owner permitted the jukebox on his premises and provided a place to dance and took a percentage of the receipts from the jukebox, he had furnished music and dancing privileges. Though the record here is silent as to whether the appellee received a percentage of the jukebox receipts, it is clear that Ritchie allowed the jukebox to be placed in his establishment. These cases lend support to our conclusion that the appellee furnished entertainment in the form of music and dancing privileges

1. Billen v. United States, 273 F.2d 667 (10th Cir. 1960); Godwin v. Brown, 249 F.2d 356 (8th Cir. 1957); Crapps v. Duehay, 208 F.Supp. 344 (E.D.S.C.1962); Jones v. Fox, 162 F.Supp. 449 (D.Md. 1957); In re Duffin, 141 F.Supp. 869 (S. D.Cal.1956).

2. Billen v. United States, 273 F.2d 667 (10th Cir. 1960); Crapps v. Duehay, 208 F.Supp. 344, (E.D.S.C.1962); Baldwinson v. United States, 80 F.Supp. 687 (W.D.Wash.1948).

by providing a jukebox and a place for his customers to dance.

■ The trial court was correct in concluding that the act expressly excludes places where mechanical music alone is furnished, but when a place for dancing is added, mechanical music alone is no longer furnished and this exclusion is no longer effective to bring an establishment out from the coverage of the statute.[3]

■ The trial court made a strong point in both his finding of fact and in his conclusions of law that the dance hall was merely incidental to the sole business purpose of the establishment, and that such an establishment was, therefore, excluded from the statute. This is incorrect. The statute excludes "any ballroom, dance hall, or other similar place where the serving or selling of food, refreshment, or merchandise is merely incidental, * * *." The act does not exclude the opposite situation, where the dance hall is incidental to the selling of food. As stated in Stevens v. United States, 302 F.2d 158, 164 (5th Cir. 1962):

> "The test is whether the sale of refreshments is subordinate. When such sale becomes important in its own right as a significant part of the attraction of the establishment, the exemption from the cabaret tax will not apply."

From the district court's findings of fact, it is clear that the sale of refreshments was a significant part of the attraction of the establishment.

■ The district court found that no profit was derived from the use and enjoyment of the dance hall area, yet the act contemplates a place where profit is realized from the sale of refreshments in an atmosphere of entertainment. The act contemplates merely that the establishment be run for profit, not that a profit be made. The purpose of the music and dancing was clearly to make a profit. As Justice Holmes said in Herbert v. Shanley Co.,[4] 242 U.S. 591, 595, 37 S.Ct. 232, 233, 61 L.Ed. 511, (1917): "If music did not pay it would be given up. If it pays it pays out of the public's pocket. Whether it pays or not the purpose of employing it is profit and that is enough."

■ Finally, the district court based its decision on the absence of an admission charge, which it thought was required by the act. The act, from its very inception, contemplated that the admission charge to a cabaret might be wholly or in part included in the price of the items sold therein.[5] And the Section 4232, as amended in 1942,[6] clearly states that there is a performance for profit even though "the charge made for admission, refreshment, service or merchandise is not increased by reason of the furnishing of such performance." There were clearly receipts subject to tax in this case even though there was no separate admission charged.

We hold, therefore, that the judgment of the district court, that the establishment in question was not subject to the cabaret tax, should be, and it is hereby reversed. The case is hereby remanded for further proceedings in light of appellee's claims for refund and pleadings to determine whether all or just a portion of appellee's receipts were subject to the tax, and whether appellee should be charged with a penalty tax. We cannot make these determinations on the present state of the record.

Reversed and remanded.

---

3. Lethert v. Culbertson's Cafe, Inc., 313 F.2d 506 (8th Cir. 1963).

4. Determination of whether musical performances in a hotel dining room constituted performances for profit under a copyright act.

5. Int.Rev.Code of 1917, Sec. 700(c), 40 Stat. 318 (1917).

6. Int.Rev.Code of 1939, Sec. 1700(e), as amended, Ch. 619, 56 Stat. 981 (1942).