**QUACKENBUSH MUSIC, LTD., et al.**

**v.**

**Lee WOOD and Maria Wood.**

**ANTISIA MUSIC, INC., and Almo Music Corporation**

**v.**

**Lee WOOD and Maria Wood.**

**Civ. A. Nos. 7182, 74-213-NA-CV.**

United States District Court,
M. D. Tennessee,
Nashville Division.

Aug. 9, 1974.

W. Ovid Collins, Jr., Nashville, Tenn., for plaintiffs.

Douglas B. Parker, Clarksville, Tenn., for defendants.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

MORTON, District Judge.

These consolidated cases were heard on July 15, 1974, when, after consideration of the pleadings as amended by the Pre-Trial Order, the testimony of witnesses introduced in open court, the stipulation of the parties, statements and briefs of counsel and the entire record, the Court made the following findings of fact:

1. Plaintiff, Quackenbush Music Ltd. is and was at all times material to the issues in this case, the proprietor of the copyright in the musical composition "YOU'RE SO VAIN."

2. Plaintiff, Strong Arm Music is and was at all times material to the issues in this case, the proprietor of the copyright in the musical composition "MERCEDES BENZ."

3. Plaintiff, Antisia Music, Inc. is and was at all times material to the issues in this case, the proprietor of the copyright in the musical composition "WHERE IS THE LOVE."

4. Plaintiff, Almo Music Corp. is and was at all times material to the is-

sues in this case, the proprietor of the copyright in the musical composition "AN OLD FASHIONED LOVE SONG."

5. Defendants, Lee Wood and Maria Wood, did at all times material to the issues in this case, control, manage, operate and maintain a place of business for public entertainment, amusement and refreshment known as Holland House, located on the Hopkinsville Highway in Clarksville, Tennessee.

6. Throughout the evenings of February 17, 1973 and March 22, 1974, patrons of Holland House were charged an admission fee of ONE ($1.00) DOLLAR upon entering that portion of the premises where musical compositions were performed or reproduced either by a band of musicians in person or upon a coin-operated machine known as a "jukebox."

7. Defendants' policy in the operation of Holland House is and was to provide music performed by a band in person commencing at 8:00 p.m. on every evening the establishment is open which is six (6) nights a week.

8. On any evenings when the band fails to appear and in the afternoon before 8:00 p.m., however, no admission fee is charged.

9. If an admission fee has been received and the band fails to appear or if a patron objects to the quality of the music, the admission fee is returned.

10. No admission fee is charged for the sole privilege of listening to performances of musical compositions reproduced by the coin-operated machine.

11. On the evening of February 17, 1973, the musical composition "MERCEDES BENZ" was reproduced on a coin-operated machine at or about 9:49 p.m. and "YOU'RE SO VAIN" was similarly reproduced at or about 9:55 p.m. at defendants' establishment.

12. On March 22, 1974, the musical composition "WHERE IS THE LOVE" was reproduced on the coin-operated machine at or about 9:44 p.m. and "AN OLD FASHIONED LOVE SONG" was reproduced similarly on the machine at or about 10:47 p.m.

13. On both February 17, 1973 and March 22, 1974, patrons of Holland House danced to the music furnished in the establishment. Only a few persons danced to the music reproduced by the machine while more persons danced to the music of the band.

14. Defendants had no license or permission from plaintiff copyright owners to perform or reproduce the four (4) musical compositions in question even though representatives of the American Society of Composers, Authors and Publishers, of which plaintiffs are members, contacted defendants commencing in May, 1971 both in person and by correspondence requesting that they obtain a license to publicly perform for profit any of the musical compositions in ASCAP's repertoire. Defendants declined to avail themselves of this privilege.

Defendants insist that the purpose for which admission is charged can be separated and isolated from all the other services available to patrons.

The court feels that the following language is dispositive of this theory:

> "If the rights under the copyright are infringed only by a performance where money is taken at the door, they are very imperfectly protected . . . . It is enough to say that there is no need to construe the statute so narrowly. The defendants' performances are not eleemosynary. They are part of a total for which the public pays, and the fact that the price of the whole is attributed to a particular item which those present are expected to order is not important. It is true that the music is not the sole object, but neither is the food, which probably could be got cheaper elsewhere. The object is a repast in surroundings that to people having limited powers of conversation, or disliking the rival noise, give a luxurious pleasure not to be had from eating a silent meal. If music did not pay, it would be given up. If it pays, it pays

out of the public's pocket. Whether it pays or not, the purpose of employing it is profit, and that is enough." Herbert v. Shanley, 242 U.S. 591, 37 S.Ct. 232, 61 L.Ed. 511 (1917).

Based upon the foregoing findings of fact, the Court makes the following conclusions of law:

1. As proprietors of the copyrights in the four (4) named musical compositions, plaintiffs have the exclusive right to perform these works "publicly for profit." 17 U.S.C. § 1(e).

2. Without permission of plaintiffs, the works may not be performed publicly for profit by defendants without infringing the copyrights.

3. The reproduction or rendition of a musical composition by or upon a coin-operated machine is a "public performance for profit" if a fee is charged for admission to the place where such reproduction or rendition occurs. 17 U.S.C. § 1(e).

4. Defendants infringed plaintiffs' copyrights on February 17, 1973 and March 22, 1974, because a fee was being charged for admission to defendants' establishment, Holland House, at the time when the reproduction or rendition of the musical compositions occurred. It is immaterial that no admission fee was charged on other occasions or that the fee was not charged solely and specifically for the privilege of hearing the reproductions upon the coin-operated machine because, in any event, the patrons of defendants' establishment could not have heard these particular performances without paying the admission charge.

5. Since plaintiffs proved no specific damages, they are entitled under the act to statutory damages of TWO HUNDRED FIFTY ($250.00) DOLLARS in each of the four (4) causes of action or a total of ONE THOUSAND ($1,000.00) DOLLARS.

6. Plaintiffs are also entitled to an injunction restraining defendants from further infringements of plaintiffs' copyrights in the four (4) named musical compositions.

7. Under 17 U.S.C. § 116, plaintiffs are entitled to a reasonable attorney's fee which in these consolidated cases, the Court finds to be $750.00.

The attorneys for the plaintiffs will submit an appropriate order.