CASS COUNTY MUSIC COMPANY, et al., Plaintiffs,

v.

VINEYARD COUNTRY GOLF CORP., Defendant.

Civ. A. No. 82–3327–C.

United States District Court, D. Massachusetts.

April 11, 1985.

Stephen S. Young, Sherburne, Powers & Needham, James D. Smeallie, Boston, Mass., for plaintiffs.

Carmen L. Durso, Marullo and Barnes, Boston, Mass., for defendant.

MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action for copyright infringement brought under 17 U.S.C. § 501 *et seq.* The plaintiffs' complaint alleges six causes of action for copyright infringement based on the public performance of copyrighted musical compositions at the lounge of the Colonial Inn in Edgartown, Massachusetts. Each of the six plaintiffs allege that it is the owner of an identified and copyrighted musical composition as listed in Exhibit A to plaintiffs' complaint. Defendant in its answer has admitted that the

Vineyard Country Golf Corp. at all times owned, controlled, managed and operated the Colonial Inn as a place of business for public entertainment, accommodation, amusement and refreshment. Defendant has also admitted that musical compositions were publically performed as part of the entertainment provided at the Colonial Inn. The matter is now before the Court on plaintiffs' motion for summary judgment which motion is supported in part by defendant's answer, defendant's answers to a request for admissions, defendant's answers to plaintiffs' interrogatories and the affidavits of B. Robert Gendreau, Dawn Steele, Daniel Schrager, and James D. Smeallie, Esq. The motion also relies on photostatic copies of the copyright registration certificates for the musical compositions. The motion is opposed by the affidavit of Peter M. Martell, president and treasurer of Vineyard Country Golf Corp.

After a hearing, the parties have filed memoranda of law with reference to the motion.

On the record, as a whole, I rule that there is no issue of material fact herein and that plaintiffs have established their ownership and the registration in their names of the six copyrighted musical compositions in issue. Plaintiffs have proved by the uncontradicted affidavit of B. Robert Gendreau that defendant has never held a license agreement with ASCAP authorizing the public performance of the musical compositions in issue. Plaintiffs also have established, through the affidavits of Dawn Steele and Daniel Schrager, that the compositions were in fact played at the Colonial Inn by a guitarist on the evening of June 26, 1981. The affidavit of Peter M. Martell does not create an issue of material fact as to any of the foregoing matters but rather seeks to raise a defense consisting of a claim that the guitarist was not paid to perform by defendant and, a second defense, a claim that plaintiffs, through a representative of ASCAP, failed to honor a request by defendant to send defendant a copy of all copyrighted musical compositions.

■ I rule that neither of these defenses is of any legal validity because plaintiffs do not have the burden of proving that the copyrighted compositions were played by an employee of defendant but merely have the burden of proving that the copyrighted compositions were played at a place open to the public, operated for profit, and under the control and management of defendant. I rule the fact that the guitarist was not employed by defendant is legally irrelevant. *See Gershwin Publishing Corp. v. Columbia Artists Man., Inc.*, 443 F.2d 1159, 1161 (2d Cir.1971); *Herbert v. Shanley Co.*, 242 U.S. 591, 37 S.Ct. 232, 61 L.Ed. 511 (1917); and *M. Witmark & Sons v. Tremont Social and Athletic Club*, 188 F.Supp. 787 (D.Mass.1960).

■ I further rule that defendant's second attempted defense, the alleged failure of plaintiffs or their agent ASCAP to respond to oral requests for a list of *all* copyrighted musical compositions, is equally meritless. In *Famous Music Corp. v. Bay State Harness Horse Racing and Breeding Association, Inc.*, 554 F.2d 1213, 1215 (1st Cir.1977), the Court of Appeals for this Circuit ruled that there is no obligation for the owner of a copyright to furnish a complete or even an edited list of the millions of compositions in its repertory and the Court of Appeals further indicated that the obligation of the copyright owner is merely to respond to a *written* request asking whether certain specifically named compositions are in the ASCAP repertory. There is no allegation by defendant that such a request was ever submitted to plaintiffs or ever ignored by plaintiffs. Consequently, plaintiffs failure to supply a complete list of all copyrighted compositions is of no legal consequence. In a case captioned *United States v. ASCAP*, 1950 Trade Cases, ¶ 62595 p. 6370 (E.D.N.Y. Mar. 14, 1950), a consent decree was entered which provided, in pertinent part, in paragraph XIV:

> "Immediately following entry of this Judgment, defendant ASCAP shall upon written request from any prospective user inform such user whether any com-

positions specified in such request are in the ASCAP repertory, and make available for public inspection such information as to the ASCAP repertory as it has."

The Court of Appeals for the First Circuit construed that clause, in its opinion in *Famous Music Corp. v. Bay State Harness Horse Racing and Breeding Association, Inc.,* supra at 1215, to mean "the procedure prescribed is simple—a written request asking whether certain compositions are in the ASCAP repertory. Bay State did not make that request." In the instant case Vineyard Country did not make that request and accordingly, I rule that it is just as liable for copyright infringement as the Court of Appeals ruled was the case in Bay State Harness.

17 U.S.C. § 504 gives the copyright owner the option to seek either recovery of "the actual damages suffered by him or her as a result of the infringement plus any of the infringer's profits that are attributable to the infringement..." or "... to recover instead of actual damages ... an award of statutory damages ... in a sum of not less than $250 or more than $10,000 as the Court considers just."

█ Plaintiffs herein have elected to seek statutory damages and I find that, on the record of this case, the plaintiffs should be awarded statutory damages of $1,500 for each of the six violations claimed and I further find, on the basis of the uncontradicted affidavit of Mr. Smeallie, that plaintiffs should recover a reasonable attorney fee in the amount of $700.

Order accordingly.

## JUDGMENT

In accordance with memorandum filed this date, it is ORDERED:

1. That the plaintiffs recover of the defendant the sum of Fifteen Hundred Dollars ($1,500.00) on each of the six counts of the complaint, for a total of $9,000.00, plus reasonable attorneys' fees in the amount of Seven Hundred Dollars ($700.00), for a total recovery of $9,700.00, plus costs and interest.

2. That the defendant and all persons acting under the direction, control, permission or authority of the defendant are hereby enjoined and restrained permanently from publicly performing, or causing or permitting the public performance, of the musical compositions "Lyin' Eyes," "Ventura Highway," "Blowin' In The Wind," "Anticipation," "Bad, Bad Leroy Brown" and "Danny's Song" in defendant's premises known as the Colonial Inn, or in any other premises owned, controlled or conducted by the defendant, and from aiding or abetting the public performance of said compositions.