**BROADCAST MUSIC, INC., Plaintiff,**

v.

**Peggy ALLIS d/b/a Seafood Market Restaurant, Defendant.**

**Civ. A. No. J86–0263(L).**

United States District Court, S.D. Mississippi, Jackson Division.

Sept. 23, 1986.

Michael B. McDermott, Page, Mannino & Peresich, Biloxi, Miss., for plaintiff.

James G. McIntyre, Jackson, Miss., for defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of the plaintiff, Broadcast Music, Inc. (BMI), for summary judgment. The defendant, Peggy Allis, d/b/a Seafood Market Restaurant, filed timely response to the motion. The court, having considered the memoranda of the parties, is of the opinion that the plaintiff's motion for summary judgment should be granted.

The plaintiff brought this action alleging that the defendant infringed the copyrights of six popular songs [1] by causing them to be publicly performed at her restaurant without a license from the plaintiff. BMI, which owns the public performance rights to the songs in question, seeks injunctive relief, statutory damages and costs, including reasonable attorneys' fees.

■ In order to establish copyright infringement, the plaintiff must establish five elements:

1. The originality and authorship of the songs involved;

2. Compliance with the formalities of the Copyright Act, 17 U.S.C. § 101 *et seq.;*

3. Plaintiff's proprietary right in and to the copyrights at issue;

4. Public performance for profit at defendant's establishment;

5. That the performance was without the permission of the plaintiff.

*See, e.g., Hideout Records & Distributors v. El Jay Dee, Inc.,* 601 F.Supp. 1048, 1052 (D.Del.1984); *Milene Music, Inc. v. Gotauco,* 551 F.Supp. 1288, 1292 (D.R.I.1982); *Broadcast Music, Inc. v. Fox Amusement Co., Inc.,* 551 F.Supp. 104, 107 (N.D.Ill. 1982). To be entitled to summary judgment, the plaintiff must establish that no genuine issue of material fact exists as to the foregoing elements and that plaintiff is entitled to judgment as a matter of law. *Milene Music,* 551 F.Supp. at 1292.

■ Plaintif has submitted appropriate materials in support of its motion for summary judgment, which establish each element of its prima facie case. BMI has filed copies of the copyright registration certificates for the songs, which constitute prima facie evidence of the first two elements required to be proved. *See Murray v. Gelderman,* 566 F.2d 1307, 1311 n. 8 (5th Cir.1978) (copyright certificate is prima facie evidence of facts stated therein); *Hideout Records,* 601 F.Supp. at 1052 (copies of registration certificates are prima facie evidence of originality, authorship and compli-

---

1. The songs are titled: "Me and Bobby McGee," "Last Dance," "Crazy," "Release Me and Let Me Love Again" (a/k/a "Release Me"), "Big Boss Man" and "I Can't Stop Loving You."

ance with Copyright Act). As to the third element, the affidavit of Stanley Catron, Vice President of BMI, asserts that the publishers had assigned to BMI the public performance rights to the songs and that BMI held those rights at the time of the alleged performance. Defendant's opposing affidavit contains nothing which denies originality, authorship, compliance with the Copyright Act or BMI's proprietary interest.

■■■ With reference to the fourth element, the affidavit of Lowrey Hicks, BMI's investigator, asserts that he was present in Allis' establishment on February 27, 1986 and that the six songs in question were publicly performed there on that date. Defendant's opposing affidavit does not controvert the allegation that the songs were performed in her place of business.[2] Allis has admitted in her affidavit that she is the owner and manager of the establishment and that food is served to the general public there. A performance at a restaurant to which the public is admitted and where food and beverages are sold is deemed to be given "publicly for profit." *Herbert v. Shanley Co.*, 242 U.S. 591, 594–95, 37 S.Ct. 232, 233, 61 L.Ed. 511 (1917); *Leo Feist, Inc. v. Lew Tendler Tavern, Inc.*, 162 F.Supp. 129, 133 (E.D.Pa.1958), *aff'd*, 267 F.2d 494 (3d Cir.1959).

The affidavits of Stanley Catron and Paul Bernard, BMI's Regional Director of Licensing, state that the defendant had no license from BMI to allow the public performance of the songs. Allis does not dispute this assertion in her affidavit; in fact, she tacitly confirms the allegation of no license in that she states that she has never heard of BMI and has never been approached by BMI to purchase any type of license. Thus the final element of the plaintiff's case is established.

Because the plaintiff, by affidavits and other materials, has set forth each element of its prima facie case, and because the defendant has not controverted those allegations by opposing affidavit,[3] this court is of the opinion that there is no genuine issue of material fact and that plaintiff's motion for summary judgment should be granted.

■■■ Since BMI has proved copyright infringement, it is entitled to statutory damages of between $250 and $10,000 for each act of infringement. 17 U.S.C.A. § 504(c)(1) (West 1977). The amount of damages awarded between these limits is left to the discretion of the trial court. Factors usually considered in determining the amount of the award are: (1) expenses saved and profits reaped by the defendant; (2) revenues lost by the plaintiff; and (3) the defendant's blameworthiness, that is, whether the infringement was innocent or knowing and willful. *See, e.g., Rare Blue Music, Inc. v. Guttadauro*, 616 F.Supp. 1528, 1530 (D.Mass.1985); *Boz Scaggs Music v. KND Corp.*, 491 F.Supp. 908, 914 (D.Conn.1980). While there appears from the plaintiff's affidavits to be some question as to the innocence of the defendant's conduct, there is no evidence either that she profited from or that BMI lost revenues because of the infringement. This court therefore concludes that the minimum statutory damages of $250 should be awarded for each of the six infringements.

■■■ Plaintiff has also requested that the court award full costs, including reasonable attorneys' fees. Such an award is authorized by 17 U.S.C. § 505 and the decision of whether to make such award is left to the discretion of the trial court. Costs have been awarded routinely, often with little or no discussion, in cases which are factually

---

**2.** Defendant merely asserts lack of any knowledge as to whether or not the songs were performed. An affiant's failure to remember an event is not a specific denial that the event occurred for purposes of summary judgment. *Hideout Records*, 601 F.Supp. at 1053. Neither can Allis rely on her averment that she "has not infringed on any of the copyrights" because such a conclusion of law cannot create a genuine issue of fact precluding summary judgment.

*Provenzino v. Merchants Forwarding*, 363 F.Supp. 168, 175 (E.D.Mich.1973); *Boothe v. Hickel*, 347 F.Supp. 1273, 1276 (D.Nev.1969), *aff'd sub nom. Boothe v. Morton*, 473 F.2d 790 (9th Cir.), *cert. denied*, 414 U.S. 828, 94 S.Ct. 51, 38 L.Ed.2d 62 (1973).

**3.** *See* Fed.R.Civ.P. 56(e).

similar to this one. *See, e.g., Rare Blue Music,* 616 F.Supp. at 1532; *Cass County Music Co. v. Vineyard Country Golf Corp.,* 605 F.Supp. 1536, 1538 (D.Mass. 1985); *Hideout Records,* 601 F.Supp. at 1054; *Milene Music,* 551 F.Supp. at 1297. Accordingly, the plaintiff's request for costs will be granted.

Some courts have declined to award attorneys' fees where there were certain mitigating factors in regard to the defendant's conduct. *See Transgo, Inc. v. Ajac Transmission Parts Corp.,* 768 F.2d 1001, 1027 (9th Cir.1985) (defendant's good faith justifies denial of attorneys' fees), *cert. denied,* 474 U.S. 1059, 106 S.Ct. 802, 88 L.Ed.2d 778 (1986); *Boz Scaggs Music,* 491 F.Supp. at 915 (complex issue of law, defendant's good faith, plaintiff's bad faith in bringing suit, innocent infringement considered as justifying denial of fees). In this case, no such mitigating factors have been shown to exist. Therefore, the court is of the opinion that reasonable attorneys' fees should be allowed to the plaintiff.

■ Plaintiff also requests an injunction prohibiting further copyright infringement by the defendant. There is nothing in the record to indicate that Allis has obtained or intends to obtain a license from BMI, that Allis has otherwise shown that no further violations will occur, or that she has even acknowledged that her actions were wrongful. For these reasons, it is the court's opinion that injunctive relief is appropriate.

Accordingly, it is ordered that the plaintiff's motion for summary judgment is granted,[4] and the judgment shall provide:

1. That the plaintiff recover of and from the defendant the sum of $1500 statutory damages.

2. That the defendant and all persons acting under her direction, control, permission or authority be enjoined and restrained from further infringements of plaintiff's copyrights in the musical compositions set forth in footnote 1 hereinabove.

3. That the plaintiff recover of and from the defendant its full costs, including reasonable attorneys' fees.

Plaintiff is directed to file within ten days of the date of this opinion an itemization of costs and of time and expenses incurred by plaintiff's counsel. Defendant will have ten days from the date of plaintiff's submission to challenge the reasonableness of the costs and fee award requested by plaintiff. A judgment shall then be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

---

**4.** Plaintiff has also moved to strike the defendant's answers to requests for admissions. Since summary judgment is granted, it is not necessary to consider this motion.